**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4187**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

RUBEN RODRIGUEZ,

          Defendant - Appellant.

**No. 19-4204**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ABRAHAM ARTURO RODRIGUEZ,

          Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge. (4:17-cr-01103-RBH-1; 4:17-cr-01103-RBH-3)

Submitted: July 31, 2020                    Decided: September 23, 2020

Before DIAZ and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

W. James Hoffmeyer, LAW OFFICE W. JAMES HOFFMEYER, Florence, South Carolina; William W. Watkins, Sr., WILLIAM W. WATKINS, PA, Columbia, South Carolina, for Appellants. Everett E. McMillian, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ruben Rodriguez and Abraham Arturo Rodriguez were convicted after a jury trial of one count each of conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2018). The district court sentenced Ruben to 168 months' imprisonment and Abraham to 240 months' imprisonment.

On appeal, counsel have filed a joint brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. On Ruben's behalf, counsel raises as an issue whether the district court erred in denying the joint motion to suppress evidence. On Abraham's behalf, counsel raises as issues whether the district court erred in denying his Fed. R. Crim. P. 29 motion for a judgment of acquittal, overruling his objection to the calculation of the drug weight attributable to him under the U.S. Sentencing Guidelines Manual (2018), and overruling his objection to the two-level enhancement to his offense level under the Sentencing Guidelines for his aggravating role. The Government declined to file a brief. Ruben and Abraham were informed of their rights to file pro se supplemental briefs. Abraham has filed a pro se supplemental brief. We affirm.

Ruben and Abraham moved to suppress evidence seized from the search of Unit 905 at the Atlantic Breeze Ocean Resort in North Myrtle Beach ("Unit 905"), arguing there was no probable cause for the issuance of the warrant authorizing the search. The district court denied the motion, concluding that probable cause supported the issuance of the warrant and, even if it did not, the good faith exception to the warrant requirement applied.

3

We proceed directly to the good faith analysis, without first deciding whether the warrant was supported by probable cause. *United States v. Thomas*, 908 F.3d 68, 72 & n.1 (4th Cir. 2018). The applicability of the good faith exception is a legal question we review de novo. *United States v. DeQuasie*, 373 F.3d 509, 520 (4th Cir. 2004).

Under the good faith exception to the exclusionary rule, "evidence obtained by an officer who acts in objectively reasonable reliance on a search warrant will not be suppressed, even if the warrant is later deemed invalid." *Thomas*, 908 F.3d at 72 (citing *United States v. Leon*, 468 U.S. 897, 922 (1984)). "Typically, an officer's reliance on a magistrate's decision to issue a warrant will be deemed objectively reasonable." *Id.* There are, however, four circumstances in which the good faith exception will not apply:

> (1) when the affiant based his application on knowing or reckless falsity; (2) when the judicial officer wholly abandoned his role as a neutral and detached decision maker and served merely as a "rubber stamp" for the police; (3) when the affidavit supporting the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) when the warrant was so facially deficient that the executing officers could not reasonably have presumed that the warrant was valid.

*United States v. Wellman*, 663 F.3d 224, 228-29 (4th Cir. 2011). If any of these circumstances are present, the evidence gathered pursuant to that warrant must be excluded. *See United States v. Andrews*, 577 F.3d 231, 236 (4th Cir. 2009).

Ruben does not claim that the judge who issued the warrant in his case was misled in any way or abandoned his judicial role or that the search warrant was so facially deficient that the executing officers could not reasonably have presumed the warrant was valid. In the good faith context, we assume there was not a substantial basis for finding probable

4

cause and question only whether reliance on the warrant at issue was nevertheless reasonable. *Id.* at 236 n.1. Lack of a substantial basis for finding probable cause—the end to which counsel's argument appears directed—does not prevent application of the good faith exception. *Id.*

Further, we conclude after review of the record that the affidavit in this case bears many of the indicia of a strong search warrant application. The affiant provided information in the affidavit regarding his law enforcement background, experience, and knowledge relative to investigations of illegal narcotics trafficking and knowledge of practices and methods employed by individuals engaged in such activity, including their habits and practices relative to concealing, transporting, and delivering illegal drugs and drug proceeds. The affidavit also recounts the connections among Unit 905, controlled substance offenses, and Abraham, noting the receipt of a tip from a reliable and credible confidential informant and detailing the steps taken to corroborate that tip, including surveillance, a records inquiry, and a canine-assisted search for contraband. Considering the totality of this information before the issuing judge, the affidavit was not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. *See Wellman*, 663 F.3d at 229; *United States v. Doyle*, 650 F.3d 460, 471 (4th Cir. 2011); *DeQuasie*, 373 F.3d at 518-19; *United States v. Bynum*, 293 F.3d 192, 197 (4th Cir. 2002); *United States v. Blackwood*, 913 F.2d 139, 142 (4th Cir. 1990).

Turning to Abraham's appeal, we review de novo a district court's denial of a Rule 29 motion for a judgment of acquittal. *United States v. Zelaya*, 908 F.3d 920, 925 (4th Cir. 2018). Denial of such a motion "is proper where, viewed in the light most favorable to the

5

prosecution, substantial evidence supports a guilty verdict." *Id.* "Substantial evidence is evidence sufficient for a reasonable jury to find proof beyond a reasonable doubt of each element of the charged offense." *Id.*

To convict Abraham, the Government had to establish beyond a reasonable doubt that he (1) "entered into an agreement with one or more persons to engage in conduct that violated 21 U.S.C. § 841(a)(1)"; (2) had knowledge of the conspiracy; and (3) "knowingly and voluntarily participated in the conspiracy." *United States v. Howard*, 773 F.3d 519, 525 (4th Cir. 2014) (internal quotation marks and brackets omitted). Conspiracies are "by nature clandestine and covert," *United States v. Yearwood*, 518 F.3d 220, 226 (4th Cir. 2008) (internal quotation marks omitted), and the Government can prove the existence of a conspiracy "by circumstantial evidence alone," *Howard*, 773 F.3d at 525. "Circumstantial evidence tending to prove a conspiracy may consist of a defendant's relationship with other members of the conspiracy, the length of this association, the defendant's attitude and conduct, and the nature of the conspiracy." *United States v. Burgos*, 94 F.3d 849, 858 (4th Cir. 1996) (en banc) (internal quotation marks and brackets omitted). Against this backdrop, we are satisfied after review of the record that the trial evidence revealed Abraham was a knowing and voluntary participant in a "loosely-knit association of members linked . . . by their mutual interest in sustaining [an] overall enterprise of catering to the ultimate demands of a particular drug consumption market," *id.*, through the distribution of and possession with intent to distribute over five kilograms of cocaine, and was thus sufficient to support Abraham's conviction.

Next, both counsel and Abraham question whether the district court erred at sentencing in overruling his objection to the drug weight attributed to him under the Guidelines. "We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." *United States v. Williamson*, 953 F.3d 264, 272 (4th Cir. 2020) (internal quotation marks omitted). "In so doing, we afford great deference to a district judge's credibility determinations and how the court may choose to weigh the evidence." *Id.* at 273 (internal quotation marks omitted).

At sentencing, Abraham objected to being held accountable for more than 50 kilograms of cocaine, invoking the trial testimony of one witness as providing the most credible and reliable evidence of the drug quantity for which he was responsible and asserting that the testimony of this witness supported the conclusion that he should be held responsible only for 45 kilograms of the drug. Relying on the entirety of the trial testimony and the presentence report it adopted, the district court overruled this objection and found the Government had shown by a preponderance of the evidence that the drug quantity exceeded 50 kilograms. The district court did not commit clear error. *See* USSG §§ 1B1.3(a)(1)(A)-(B) & cmt. n.3, 2D1.1(c)(1); *Williamson*, 953 F.3d at 273; *United States v. Kellam*, 568 F.3d 125, 147 (4th Cir. 2009) (noting that district court's drug quantity finding must be supported by preponderance of the evidence and concluding that testimony received at trial and sentencing supported the court's finding); *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998) ("Without an affirmative showing the information is inaccurate, the court is free to adopt the findings of the presentence report without more specific inquiry or explanation." (internal quotation marks and brackets omitted)).

7

Counsel and Abraham further question whether the district court erred at sentencing in overruling his objection to the application of the two-level enhancement under the Guidelines for his aggravating role. Under the Guidelines, a defendant's offense level is to be enhanced two levels if the defendant "was an organizer, leader, manager, or supervisor in any criminal activity." USSG § 3B1.1(c). The enhancement is proper "if it was demonstrated that the defendant was an organizer, leader, manager or supervisor of *people*," and the burden is on the Government to prove by a preponderance of the evidence that the enhancement should apply. *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013) (internal quotation marks omitted). We review the district court's aggravating role determination for clear error. *Id.* at 414-15.

Abraham objected to the application of the enhancement on the basis that the presentence report and trial testimony did not establish he managed or supervised people. Relying on trial testimony establishing that a co-conspirator perceived Abraham as a manager or leader or supervisor and that Ruben and another co-conspirator packaged and forwarded cocaine proceeds at Abraham's direction, the district court overruled the objection. This evidence was sufficient to support application of the enhancement, and the district court did not clearly err in its ruling. *Id.* at 414-16.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the criminal judgments. This court requires that counsel inform Abraham and Ruben, in writing, of the right to petition the Supreme Court of the United States for further review. If Abraham or Ruben requests that a petition be filed, but counsel believes that such a petition would be frivolous,

8

then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Abraham and Ruben.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*